IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| David L. Wiseman, Sr., | ) | C/A No. 3:11-2478-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Amcor Rigid Plastics USA, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, David L. Wiseman, Sr. ("Wiseman"), filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), against the defendant, Amcor Rigid Plastics USA, Inc. ("Amcor"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 7.) Wiseman filed a response in opposition (ECF No. 8) and Amcor filed a reply (ECF No. 10). Having reviewed the parties' submissions and the applicable law, the court finds that Amcor's motion should be granted because Wiseman's lawsuit is untimely.

## BACKGROUND

Wiseman asserts in this action that his employment was terminated in violation of Title VII because Amcor feared that one of Wiseman's co-workers would file a lawsuit based on allegations that Wiseman had harassed her. (Compl. at ¶ 16, ECF No. 1 at 3.) Following his discharge, Wiseman filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") on March 12, 2010. The EEOC issued a right-to-sue letter dated May 12, 2011 and directed it to Wiseman at his Elgin, South Carolina address. (Def.'s Mem. Supp. Mot. Dismiss Ex.

A, ECF No. 7-2.) Wiseman, who had since relocated to Missouri for work, received the right-to-sue letter on June 17, 2011 after his daughter, who was periodically checking his mail in Elgin, forwarded it to Wiseman in Missouri. Wiseman filed this action on September 15, 2011.

## DISCUSSION

Amcor correctly asserts that, under controlling statutes and Fourth Circuit precedent, Wiseman's Complaint is untimely. Title VII provides a ninety-day limitations period within which to file suit after receiving a right-to-sue letter. See 42 U.S.C. § 2000e-5(e), (f). The United States Court of Appeals for the Fourth Circuit has held that receipt within the meaning of Title VII's limitations period is determined by delivery of the right-to-sue letter, not actual receipt by the plaintiff. Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993) ("[D]elivery of a right-to-sue letter to a plaintiff's home triggers the limitations period even if the plaintiff does not actually receive the letter."); Harvey v. City of New Bern Police Dep't, 813 F.2d 652 (4th Cir. 1987).[1] Use of the date a plaintiff actually received the letter "would allow some plaintiffs 'open-ended time extension, subject to manipulation at will.' " Watts-Means 7 F.3d at 42 (quoting Harvey, 813 F.2d at 652). Any injustices that occur by using the date of delivery rather than actual receipt can be remedied by equitable tolling. Watts-Means, 7 F.3d at 42. Where the date of delivery is unclear, courts have presumed it to be within three days from the date of mailing. See, e.g., Ish v. Arlington Cty., Va., C/A No. 90-2433, 1990 WL 180127, at *2 (4th Cir. Nov. 21, 1990).

---

[1] In fact, the case relied upon by Wiseman in support of a finding of timeliness actually reinforces this precedent. In Darden v. Cardinal Travel Ctr., 493 F. Supp. 2d 773, 775 (W.D. Va. 2007), the court noted that in the Fourth Circuit, "actual receipt of the notice of the right to sue is not necessarily determinative of when the limitations period is triggered for Title VII cases. Rather, the date of constructive receipt—date of delivery—is usually the proper measure of when the limitations period begins to run if the date of delivery and the date of actual receipt are substantially different." Id. (citing Watts-Means, 7 F.3d 40, and Harvey, 813 F.2d 652).

PJG

Applying those principles here shows that the ninety-day limitations period began to run on May 16, 2011[2] and expired on August 15, 2011. Accordingly, Wiseman's Complaint was untimely by one month.

Nor has Wiseman presented any argument justifying equitable tolling. To avail himself of equitable tolling, a plaintiff must show: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Here, the parties do not dispute that the EEOC delivered the right-to-sue letter to the address Wiseman provided; the delay in Wiseman's actual receipt of the letter resulted from his arrangements regarding his mail in Elgin. (Wiseman Aff. ¶ 3, ECF No. 8-1.) Nor does miscalculation of the proper deadline warrant equitable tolling. Rouse, 339 F.3d at 248 (declining to apply equitable tolling of the habeas corpus limitations period in a death penalty case where the petitioner's attorney miscalculated the deadline under the Anti-terrorism and Effective Dealth Penalty Act). Finally, the court observes that even after Wiseman actually received the right-to-sue letter, fifty-nine days remained in the limitations period for Wiseman to timely file suit. See Watts-Means, 7 F.3d at 42 (declining to apply equitable tolling where the plaintiff still had eighty-five days to file her complaint after picking up her right-to-sue letter from the post office five days after it had attempted delivery of the letter to her home); Harvey, 813 F.2d at 654 (declining to apply equitable tolling where the plaintiff had eighty-four days to file his complaint after receiving actual notice of his right to sue). Accordingly, he cannot meet any of the required elements for equitable tolling. Rouse, 339 F.3d at 246.

---

[2] Giving Wiseman the benefit of the doubt, because in this case the third day after mailing was a Sunday, the court construes the limitations period to commence running on Monday, May 16.



## RECOMMENDATION

Because Wiseman's Complaint is untimely under controlling law, the court recommends that the defendant's motion to dismiss (ECF No. 7) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 8, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).