IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| David L. Wiseman, Sr., | ) | C/A No. 3:11-2478-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Amcor Rigid Plastics USA, Inc, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Through this action, Plaintiff, David L. Wiseman, Sr. ("Wiseman"), seeks recovery from his former employer, Amcor Rigid Plastics USA, Inc. ("Amcor"), for sex discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). According to Wiseman, his employment was terminated in violation of Title VII because Amcor feared that one of Wiseman's female co-workers would file a lawsuit based on allegations that Wiseman had harassed her.

The matter is before the court on Amcor's motion to dismiss Wiseman's complaint. Dkt. No. 7. For the reasons set forth below, Amcor's motion to dismiss is granted.

**PROCEDURAL BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On February 8, 2012, the Magistrate Judge issued a Report recommending that Amcor's motion to dismiss Wiseman's complaint be granted because Wiseman's Title VII claim is untimely.

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Wiseman filed timely

objections to the Report on February 22, 2012. Dkt. No. 34. Wiseman objects to the Magistrate Judge's recommendation to dismiss the complaint because it was filed more than 90 days after Wiseman received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). Wiseman contends that the Magistrate Judge should have addressed Wiseman's arguments (1) that the Fourth Circuit's mailing rule of constructive receipt is not applicable where actual receipt is undisputed; (2) that equitable tolling excuses an untimely filing when the EEOC fails to mail the right-to-sue letter to Plaintiff's attorney of record; and (3) that the Fourth Circuit's rule on constructive receipt conflicts with Title VII. Amcor responds that the Report correctly recommends dismissal of Wiseman's claim because (1) the claim is clearly time-barred; (2) the claim cannot be saved by equitable tolling; (3) Wiseman offers no legal support as to why Title VII requires a different outcome; and (4) Title VII provides no cause of action for an employee who was terminated because the employer feared that another employee would bring a lawsuit based on the terminated employee's actions.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416

F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## DISCUSSION

The Report recommends that Wiseman's Title VII claim be dismissed because it is untimely. After Wiseman was terminated by Amcor, Wiseman filed an administrative charge with the EEOC on March 12, 2010. On May 12, 2011, the EEOC issued a right-to-sue letter dated May 12, 2011 and mailed it to Wiseman at his Elgin, South Carolina address. Wiseman, who had temporarily relocated to Missouri for work, received the right-to-sue letter on June 17, 2011 after his daughter, who was periodically checking his mail in Elgin, forwarded it to Wiseman in Missouri. Wiseman filed this action on September 15, 2011.

Title VII provides a ninety-day limitations period within which to file suit after receiving a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(e), (f). As the Report explains, the Fourth Circuit has held that receipt within the meaning of Title VII's limitations period is determined by delivery of the right-to-sue letter,[1] not actual receipt by the plaintiff. *Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993) (holding that delivery of right-to-sue letter to post office box was receipt and not the day that plaintiff chose to retrieve the letter from post office box); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652 (4th Cir. 1987) ("delivery of a right-to-sue letter to a plaintiff's home triggers the limitations period even if the plaintiff does not actually receive the letter").

---

[1] Where the date of delivery is unknown, courts have presumed it to be within three days from the date of mailing. *See, e.g.*, *Ish v. Arlington Cty., Va.*, No. 90-2433, 1990 WL 180127, at *2 (4th Cir. Nov. 21, 1990).

Wiseman argues that the date of receipt should be June 17, 2011, the date he received the letter in Missouri when his daughter forwarded his mail, and not the date it was delivered to his Elgin address. Amcor argues that the Fourth Circuit is clear that the date of delivery is the receipt date, not the date the plaintiff checks his mailbox or opens the letter. The court has reviewed the cases cited by Wiseman[2] and finds that the date of delivery is the receipt date. The court finds that the 90-day limitations period began to run on May 16, 2011[3] and expired on August 15, 2011. The complaint was filed on September 15, 2011, a month after the limitations period expired. The court concludes that the claim was time-barred when it was filed.

As the Report notes, "[a]ny injustices that occur by using the date of delivery rather than actual receipt can be remedied by equitable tolling." Dkt. No. 14 at 2 (citing *Watts-Means*, 7 F.3d at 42). To avail himself of equitable tolling, a plaintiff must show: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Wiseman argues that equitable tolling should apply

---

[2] In his objections, Wiseman cites *Wood v. Haig Point Club Community Ass'n, Inc.*, No. 9:11-1161, 2011 WL 5008424 (D.S.C. Oct. 18, 2011), in which Judge Blatt adopted a Report and Recommendation to which no objection was made. *See* Report at 2011 WL 4968991. In that case, the right-to-sue letter was mailed on February 3, 2011 and plaintiff alleged that she received the letter on February 14, 2011. Plaintiff filed her complaint on May 13, 2011. Magistrate Judge Marchant recommended denying the motion to dismiss based on a timeliness argument. The Report offered no explanation as to why the plaintiff did not receive the letter until eleven days after it was mailed. The Report cited cases to suggest that the recommendation was based on inappropriateness of determining on motion to dismiss the reason for the delay in receiving the right-to-sue letter. *See* 2011 WL 4968991, at *4 (citing, *e.g.*, "*Skeete v. IVF America, Inc.*, 972 F. Supp. 206, 209 (S.D.N.Y. 1997) (Court could not determine, on motion to dismiss, when in fact Plaintiff received Right to Sue letter and whether any delay in her receipt from her post office box was unreasonable.)". The court finds this case distinguishable because there are no missing or disputed facts necessary to determine whether Wiseman's delay in receiving the letter was unreasonable.

[3] The EEOC mailed the letter on May 12, 2011. The third day afer mailing was a Sunday. The court, therefore, finds that the limitations period began on Monday, May 16, 2011.

4

because he did not actually receive the letter until June 17, 2011. The court rejects any argument that equitable tolling applies based on Wiseman's failure to change his address or make better arrangements for the forwarding of his mail.

Wiseman also argues that his attorney did not receive a copy of the right-to-sue letter even though his attorney was the attorney of record with the EEOC.[4] Wiseman has cited no case law to support his proposition that failure to provide a copy of the EEOC's right-to-sue letter to the attorney of record is grounds for equitable tolling. Amcor directs the court to a case where a district court rejected the same argument. *See McLendon v. Bronx Cnty. Dist. Attorney's Office*, 764 F. Supp. 2d. 629-30 (S.D.N.Y. 2011) (holding that sending right-to-sue letter only to employee did not toll Title VII statute of limitations even where EEOC stated it would send letter to employee's lawyer). In an unpublished decision, the Fourth Circuit applied equitable tolling in a case where the EEOC mailed a right-to-sue letter to the plaintiff but not to the attorney. *Coleman v. Talbot County Detention Center*, 242 Fed. Appx. 72, 2007 WL 2022056 (4th Cir. July 12, 2007). However in that case, counsel notified the EEOC and the state commission on human relations that he represented plaintiff and he "explicitly requested that copies of all correspondence be forwarded to him." *Id.*

---

[4] It is unclear whether the EEOC knew that Wiseman was represented. Wiseman's attorney states the following in his declaration:

On March 12, 2010, I hand delivered a letter to the South Carolina Human Affairs Commission (SHAC) advising of my representation of David Lee Wiseman, Sr. and submitting for filing with SHAC and the EEOC his charge of discrimination. I was copied on a letter dated March 24, 2010 to Mr. Wiseman from SHAC advising the EEOC would be handling his charge. I never received any communication, verbal or written, from the EEOC on this matter. Specifically, I did not receive a copy of the EEOC's Dismissal and Notice of Rights on Mr. Wiseman's charge, even though I was his attorney of record.

Dkt. No. 8-2 at 1. Although SHAC knew that Wiseman was represented, there is no evidence that SHAC informed the EEOC.

5

at *73.  Here, Wiseman does not state that he, or his attorney, specifically requested a copy of the right-to-sue letter or any correspondence from the EEOC be sent to the attorney.

Further, when Wiseman received the letter on June 17, 2011, Wiseman called his attorney to inform him of the letter.  From June 17, 2011, Wiseman had 59 days to file an action.  Wiseman's attorney states that "Mr. Wiseman and I were engaged in attorney client privileged communication about his claim which caused us to take the full 90 days permitted by the law to commence this action."  Dkt. No. 8-2 at 3.  There is no other circumstance, let alone an extraordinary circumstance, offered as a basis for equitable tolling.  The court agrees with the Report's recommendation that Wiseman has failed to present any argument to justify equitable tolling.[5]

Wiseman also states:

> Of course, this Court is bound by Fourth Circuit law.  Plaintiff preserves for appellate review, if necessary, his position that the Fourth Circuit mailing rule, at least as interpreted by the Magistrate Judge, conflicts with Title VII, as interpreted by the EEOC and other circuit courts, that actual receipt triggers the 90 day period.

Dkt. No. 15-1 at 5.  Wiseman fails to articulate why the Fourth Circuit's rule conflicts with Title VII and the court, therefore, cannot address Wiseman's argument.  The court rejects Wiseman's objections to the Report's recommendation of dismissal based on Wiseman's failure to timely file this action.

Amcor also argues that Wiseman's complaint fails to state a claim under Title VII.  The Report does not address whether Wiseman's complaint fails to state a claim and the parties did not focus on this issue in their briefs.  Wiseman alleges that he was fired because of his sex after a female employee alleged that he had sexually harassed her.  Wiseman's complaint states that

---

[5] Wiseman also suggests that equitable tolling should be invoked in cases where there is no prejudice to defendants.  Dkt. No. 15-1 at 4.  Equitable tolling applies when extraordinary circumstances beyond the plaintiff's control prevent him from filing on time.  Lack of prejudice to the defendant is not part of the analysis.

6

"Defendant's true motivation for Plaintiff's termination was fear of a Title VII lawsuit by the female employee . . . ." Dkt. No. 1 at 3, ¶16. Wiseman relies on two cases to support his proposition that an employer cannot make an employment decision based on a fear of Title VII litigation: *Ricci v. DeStafano*, 557 U.S. 557, 129 S.Ct. 2658 (2009); *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321 (11th Cir.). Dkt. No. 8 at 4-5. In *Smith*, a white plaintiff brought a reverse race discrimination claim, alleging that he was fired for forwarding a racially insensitive email while two black employees were merely temporarily suspended for similar behavior. 644 F.3d at 1324. In *Ricci*, white firefighters brought a disparate treatment claim after the City of New Haven fire department decided not to use the results of a test that would disproportionately lead to the promotion of white firefighters without the promotion of black firefighters. 129 S.Ct. At 2664. After concluding that certifying the test results would violate the disparate impact prohibition in Title VII, the City decided not promote any firefighters.

Although *Smith* and *Ricci* involved employment decisions based in part on fear of Title VII liability, both cases involved disparate treatment of white and black employees. The court finds that, unlike *Smith* and *Ricci*, Wiseman has not alleged any disparate treatment between himself and a similarly-situated female employee. *See Hawn v. Executive Jet Management*, 615 F.3d 1151 (9th Cir. 2010) (granting summary judgment in favor of employer on sex discrimination claim brought by pilots terminated after being accused of sexual harassment because pilots failed to show that similarly-situated female pilots were not terminated for similar harassment). He has not alleged any facts to support his claim that he was fired because of his sex and relies solely on the employer's alleged fear of a Title VII lawsuit by a female employee. Neither has Wiseman alleged retaliation by Amcor because he has failed to allege that he engaged in a protected activity under Title VII.

7

Were Wiseman's complaint timely, the court would likely dismiss his claim without prejudice based on a failure to state a Title VII claim.

## CONCLUSION

For the reasons stated above, the court adopts the Report and grants Amcor's motion to dismiss.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 11, 2012

8